816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Abernathy FREEMAN, Plaintiff-Appellant,
v.
Henry HATFIELD, Lt., Chief Suffolk City Jailer, Defendant-Appellee.
 No. 86-6779.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 25, 1987.
Decided April 16, 1987.
 
 Before RUSSELL, WIDENER and WILKINSON, Circuit Judges.
 Donald Abernathy Freeman, appellant pro se.
 Carl Phillips Ferguson, Commonwealth's Attorney's Office, for appellee.
 PER CURIAM:
 
 
 1
 Donald Freeman, a North Carolina state prisoner, appeals the district court's dismissal of his civil rights complaint. Freeman sought relief under 42 U.S.C. Sec. 1983, asserting that his extradition from Virginia to North Carolina while he had a habeas corpus action pending in Virginia was violative of his civil rights. The district court found that the propriety of his extradition had been resolved adversely to Freeman in a prior federal habeas action and thus dismissed the complaint. We affirm, although for reasons different from those stated by the district court.
 
 
 2
 In the prior federal habeas action relied upon by the court Freeman had asserted that his "extradition for an act proscribed by the false pretense statute was unlawful and deprived him of his right to pursue a habeas petition in Virginia." In denying relief, the district court relied upon the principle that an improper extradition does not afford grounds for vacating the subsequent conviction unless the improper extradition prevented the defendant from receiving a fair trial. The court concluded that the facts presented did not indicate that Freeman was denied a fair trial. Freeman v. McNamara, C/A No. C-C-83-934-M (W.D.N.C., Sept. 18, 1984), aff'd, No. 84-6595 (4th Cir., Oct. 7, 1985) (unpublished), cert. denied, --- U.S. ----, 54 U.S.L.W. 3563 (Feb. 24, 1986). That disposition does not resolve the issues presented in this case, as the inquiry under Sec. 1983 is different from that under habeas corpus. To state a Sec. 1983 claim for illegal extradition, an individual need not establish that he was thereby denied a fair trial. Rather, he must show that the violation of the state's extradition laws "cause[d] the deprivation of rights protected by the Constitution and statutes of the United States." Wirth v. Surles, 562 F.2d 319, 322 (4th Cir.1977) (arrest and transportation of fugitive without extradition proceedings does not constitute defense to criminal prosecution but does create cause of action pursuant to 42 U.S.C. Sec. 1983), cert. denied, 435 U.S. 933 (1978). We therefore turn to the question of whether Freeman has established a violation of rights protected by the Constitution and laws of the United States.
 
 
 3
 In August 1980, Freeman, while incarcerated in Virginia, filed a habeas petition in Suffolk County Circuit Court challenging his arrest on a North Carolina fugitive warrant. On October 1, 1980, Freeman was extradited from Suffolk, Virginia, to North Carolina. Later that month, after a hearing at which counsel was present on Freeman's behalf, the Suffolk County Circuit Court determined that it lacked jurisdiction to review Freeman's habeas petition, and dismissed the action. Relying on Crumley v. Snead, 620 F.2d 481 (5th Cir.1980), Freeman contends that his extradition prior to a hearing on his habeas petition violated his federal rights. We disagree.
 
 
 4
 The Court in Crumley, supra, at 483, noted the narrow scope of habeas review available in the asylum state. This scope of review was established in Michigan v. Doran, 439 U.S. 282, 289 (1978), in which the Supreme Court held that a court in the asylum state "considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive." Id. at 289. The Court reasoned that "[t]o allow plenary review in the asylum state of issues that can be fully litigated in the charging state would defeat the plain purposes of the summary and mandatory procedures authorized by the [Uniform Criminal Extradition Act]." Id. at 290.
 
 
 5
 Freeman's state habeas petition sought to challenge the constitutionality of the North Carolina statute on which his arrest was based. The Suffolk court determined that it lacked jurisdiction to entertain this claim and dismissed the petition. The allegations contained in Freeman's state petition did not fall within the strict guidelines placed upon the asylum state's jurisdiction by Michigan v. Doran. Rather, Freeman sought to litigate an issue which was properly the subject of review by the North Carolina courts which would try the charges against him. As Freeman had no federally protected right to have his claim considered in the asylum state, his extradition prior to resolution of his state habeas petition did not violate any right "protected by the Constitution and statutes of the United States." Wirth, supra, at 322.
 
 
 6
 We therefore affirm the judgment of the district court. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 7
 AFFIRMED.